## Case No. 11,507.

### The QUEENS COUNTY.

[6 Ben. 146.] [1]

District Court. E. D. New York.    June, 1872.

COLLISION—EAST RIVER—STEAMBOATS CROSSING—
SIGNALS—STOPPING.

The steamboat S., coming down the East river, saw on her starboard hand the ferry-boat Q. lying in the river waiting to enter her slip, and heading down the river. The S. blew two whistles and kept on her course. The Q. started ahead, and swung in to go to her slip, across the course of the S., and both vessels kept on without stopping, till the S. was struck on her starboard side by the Q. *Held*, that both vessels were in fault, in keeping on, after each had been notified that the other was taking a course which made a collision inevitable, if both kept on.

This was a libel, filed by the owners of the steamboat Sylvan Glen, to recover for the damages received by her in a collision with the Queens County, which happened about daybreak on the morning of December 30th, 1869. The Sylvan Glen was on a trip from Harlem to New York. She came down the east channel, between Blackwell's Island and Long Island. She alleged that, when she was at the lower end of Blackwell's Island, the Queens County was seen lying in the middle of the river, below and on the starboard hand of the Sylvan Glen, heading down the river; that the Sylvan Glen blew two whistles to notify the Queens County of her intention to keep on and pass between her and the Long Island shore, and, receiving no signal of dissent from her, kept on, and, seeing that the Queens County was moving down the river, repeated the two whistles; that the Queens County, instead of keeping her course, as she should have done, starboarded her wheel and crowded on the Sylvan Glen, which blew two whistles a third time, and also starboarded her wheel and kept as far towards the Long Island shore as she could, but was struck by the Queens County on her starboard side.

The Queens County, in answer, said that she was a ferry-boat, running between 34th street, New York, and Hunter's Point, L. I.; that she was at the time on a trip from New York; that the slip at Hunter's Point, being temporarily occupied by her sister boat, she waited off in the stream, heading to the southward; that the lights of the Sylvan Glen were seen coming down along by Blackwell's Island, and the Queens County blew one whistle, and, when her sister boat came out of the slip, started ahead to enter it, and, after having gone some ways, heard two whistles for the first time from the Sylvan Glen, which was trying to pass ahead of her and between her and the Long Island shore, and that the collision then could not be avoided. Neither vessel stopped until the collision.

Benedict & Benedict, for the Sylvan Glen.
Beebe, Donohue & Cooke, for the Queens County.

BENEDICT, District Judge. This appears to be a clear case of mutual fault. The Sylvan Glen was in fault, for holding on to her course and speed, after she saw that the Queens County had begun to move in towards her slip. Assuming that the Queens County was wrong in moving across the course of the Sylvan Glen, after being notified by the whistles from the Sylvan Glen of the course she intended to take, still that did not give the Sylvan Glen the right to keep on at full speed, until she was struck, when, by stopping, a collision manifestly impending could have been avoided.

The Queens County was equally in fault, for keeping on her speed and her course towards her slip, when she had been notified of the course of the Sylvan Glen, and could easily see that by keeping on she would come in contact with the Sylvan Glen. Assuming that the course which she took after the whistles from the Sylvan Glen, was crossing the course of the approaching vessel, and that it then became the duty of that vessel to pass under her stern, still the Queens County was notified by the whistles, that the Sylvan Glen was claiming the right to hold the course which she had taken to pass to east; and yet, with danger of collision plainly indicated, the Queens County kept on her course, without stopping until the moment of collision. In this she was guilty of fault.

The damages must accordingly be apportioned.